UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD BETTYS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>STATE OF WASHINGTON et al.,<br><br>　　　　　　Defendant. | CASE NO. 3:23-cv-05838-DGE-TLF<br><br>ORDER APPOINTING COUNSEL |

This matter comes before the Court on its own review of the record, and Plaintiff's oral request for appointment of counsel.

**I　　BACKGROUND**

Plaintiff is civilly committed under Washington State's Sexually Violent Predators Act, Washington Revised Code § 71.09. (Dkt. No. 65 at 2.) He currently resides at the DSHS Special Commitment Center on McNeil Island. (*Id.*) Plaintiff filed his complaint on September 15, 2023. (Dkt. No. 1.) After plaintiff cured deficiencies identified by the clerk's office (Dkt. Nos. 4, 6), the Court (Rothstein, J.) denied plaintiff's application to proceed in forma pauperis

1  ("IFP") due to sufficient funds. (Dkt. No. 10.) Plaintiff paid the filing fee and has proceeded *pro se* in this litigation. Most recently, the Court (Rothstein, J.) denied summary judgment dismissal of Plaintiff's claim under Title II of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12131, et seq., and/or § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 701, et seq. (Dkt. No. 68.) The case was subsequently transferred to the Undersigned.

Upon reviewing the record, the Court determined that the assistance of counsel may be helpful in presenting the matter for a jury trial and/or conducting settlement negotiations. At a status conference on May 16, 2025, the Court asked whether Plaintiff was interested in the Court referring this matter to the Western District of Washington's Pro Bono Panel, to determine if pro bono counsel was available. (Dkt. No. 70.) He stated that he was. Defendant then submitted briefing arguing that the Court does not have the authority to appoint Counsel for a Plaintiff who has not demonstrated indigency. (Dkt. No. 71.)

## II     LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). And federal courts lack the authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). But districts courts have two sources of discretion to appoint counsel in a civil proceeding. First, if the district court finds exceptional circumstances, it may request appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Id.* (quoting

*Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Second, district courts have inherent authority to appoint counsel in civil proceedings when necessary to aid the court in its judicial function. *See Perez v. Barr*, 957 F.3d 958, 965 (9th Cir. 2020). "It has long been recognized that courts have the inherent authority to appoint counsel when necessary to the exercise of their judicial function, even absent express statutory authorization." *Id.* "'Courts have (at least in the absence of legislation to the contrary) inherent power to provide themselves with appropriate instruments required for the performance of their duties [and t]his power includes authority to appoint persons unconnected with the court to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause.'" *Id.* (quoting *Ex Parte Peterson*, 253 U.S. 300, 312 (1920) (citation omitted)). "This inherent judicial authority has been codified in the All Writs Act, which provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Id.* (quoting 28 U.S.C. § 1651(a)).

### III    DISCUSSION

Here, the Court finds that appointment of counsel would aid the Court in exercise of its judicial function. While the Court is unable to conclude if Plaintiff is more likely than not to succeed on the merits, he has succeeded at presenting triable fact questions and surviving summary judgment—indicating at least some level of merit. The Court finds the participation of counsel would greatly assist in effectively preparing for trial—including filing and responding to pre-trial motions and creating exhibit lists—and presenting the case to a jury. In the Court's experience, those tasks would be difficult for any civilly committed plaintiff to do on his own. As a result, proceeding without counsel may impose burdens and inefficiencies on both the Court

and Parties alike.  Further, appointment of counsel may facilitate settlement negotiations, which could benefit all Parties by avoiding the time and expense required for trial and potentially conserve judicial resources.

The Court, however, acknowledges Plaintiff's request to proceed IFP was denied due to having sufficient funds to pay the filing fee.  In fact, as Defendants identify, Plaintiff appears to have available funds, possibly as much as $40,000.[1]  (*See* Dkt. Nos. 6; 71-1 at 2–5.)  Because Plaintiff has funds available, if the Court can obtain counsel for Plaintiff, Plaintiff will be expected to contribute towards any costs incurred by counsel.  Accordingly, Plaintiff SHALL file an updated financial declaration identifying his current assets **no later than July 15, 2025**—this can be in the same format as the financial declaration Plaintiff used to file his application to proceed IFP.  (*See* Dkt. No. 1.)

## IV    CONCLUSION

For these reasons, the Court issues this Order granting appointment of counsel and referring this matter to the Western District's Pro Bono Panel.  The Court cautions that it cannot guarantee whether any attorney who is available and willing to accept this appointment will be identified, so this Order does not necessarily mean an attorney will eventually be appointed, and Plaintiff may remain unrepresented.  If an attorney is identified, the scope of the engagement will ultimately be between the attorney and the client.  If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by docket entry, stating that the inquiry did not succeed.

---

[1] Even with funds, the Court believes Plaintiff faces barriers to retaining an attorney on his own because of his civil commitment status.

ORDER APPOINTING COUNSEL - 4

Dated this 11th day of June, 2025.

David G. Estudillo
United States District Judge

ORDER APPOINTING COUNSEL - 5